IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 4:09-CV-00163-HLM |
| ) | |
| v. ) | |
| ) | |
| MFG CHEMICAL, INC. ) | |
| ) | |
| Defendant. ) | |

## JOINT STIPULATION OF SETTLEMENT

WHEREAS, Plaintiff, the United States of America, on behalf of the United States Environmental Protection Agency ("EPA") simultaneously with the filing of this Stipulation of Settlement ("Stipulation"), has filed a Complaint in this action alleging that Defendant MFG Chemical, Inc. ("MFG") violated Section 112 (r)(1) of the Clean Air Act ("CAA") at its facility located at 5712 Callahan Road, Dalton, Georgia (the "Facility");

WHEREAS, the Complaint alleges that MFG violated Section 112(r)(1) of the CAA Section 112(r)(1), 42 U.S.C. § 7412(r)(1), known as the "General Duty Clause", which provides that owners and operators of stationary sources producing, processing, handling, or storing extremely hazardous substances have a general duty to 1) identify hazards which may result from such releases using appropriate hazard assessment techniques, 2) design and maintain a safe facility taking such steps as are necessary to prevent releases, and 3) minimize consequences of accidental releases which do occur;

WHEREAS, MFG manufactured Triallyl Cyanuarate ("TAC") which contains allyl alcohol ("AA"), an extremely hazardous substance which gives off toxic vapors and reacts explosively when improperly heated with caustic soda;

WHEREAS, MFG failed to obtain a temperature/time profile for its TAC production which would have allowed MFG to calculate the rate of heat generated over production time; and also failed to monitor the temperature of the AA as it was being added to the TAC production run; and also failed to monitor the rate of cooling of the reactor as the AA and other materials were added to the TAC production run;

WHEREAS, MFG failed to provide either the local response organizations or the local hospital with information on the dangerous nature of AA, and also failed to notify the responders and hospital of when the AA was delivered at the MFG Facility;

WHEREAS, on April 12, 2004, MFG experienced a runaway reaction during its initial production batch of TAC when, during the first hour of the production run, the AA reacted exothermically with the caustic soda, which was added all at once instead of gradually, causing an extreme increase in temperature and an explosion of gases which blew through the reactor manway gasket and rupture disc releasing toxic gases into the atmosphere;

WHEREAS, as a result of the release from MFG's TAC production reactor, the surrounding community within a one-half mile radius of the facility was evacuated, over 150 people (including several emergency responders) were treated for exposure at the local hospital, one half mile of vegetation south of the Facility was burned, and much of the aquatic life was killed throughout several miles of surrounding creeks which were contaminated by the water sprayed on the toxic vapor cloud in an attempt to control the toxic vapor release;

WHEREAS, MFG no longer produces TAC and no longer uses any of the chemicals which were part of the April 12, 2004, toxic release;

WHEREAS, MFG has conducted itself appropriately in its dealings with the United States after commencing discussions with the United States concerning the violations alleged in

the Complaint;

WHEREAS, MFG denies all allegations contained in the Complaint;

WHEREAS, MFG has demonstrated an inability to pay more than the amount of civil penalty agreed to in this Stipulation;

WHEREAS, this Stipulation does not constitute an admission of liability by MFG; and

WHEREAS, the United States, and MFG (the "Parties") agree that settlement of this action without further expense and litigation is in the public interest and that entry of this Stipulation is the most appropriate means of resolving the instant matter:

NOW, THEREFORE, without adjudication or admission of any issue of fact or law, or any determination of liability, and upon consent and agreement of the Parties to this Stipulation, it is hereby AGREED, STIPULATED, and ORDERED:

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 113 of the CAA, 42 U.S.C. § 7413. This Court also has personal jurisdiction over MFG. Venue lies in this District pursuant to Section 113(b) of the CAA, 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1391(b) and (c) and 1395(a), because the violations alleged in the Complaint are alleged to have occurred in, and MFG is located in, this judicial district. For purposes of this Stipulation, or any action to enforce this Stipulation, MFG consents to the Court's jurisdiction over this Stipulation or any such action and over MFG and consents to venue in this judicial district.

2. For the purposes of this Stipulation, MFG agrees that the Complaint states claims upon which relief may be granted pursuant to Section 113(b) of the CAA, 42 U.S.C. §§ 7413(b), for violations of Section 112 (r)(1) of the CAA.

3. MFG shall pay a civil penalty of $270,000, together with interest accruing from the date on which this Stipulation is entered by the Court, at the rate specified in 28 U.S.C. § 1961 as of the date of entry.

4.      The civil penalty as set forth in Paragraph 3, $270,000, together with interest, shall be paid to the United States in three equal installments. The first installment of $90,000 will be paid within 30 days after the Court enters this Stipulation by FedWire Electronic Funds Transfer ("EFT") in accordance with written instructions to be provided to Defendant by the Financial Litigation Unit of the U.S. Attorney's Office for the Northern District of Georgia. The second installment will be paid within six months after the Court enters this Stipulation. The third installment will be paid within eleven months after the Court enters this Stipulation. At the time of payment, Defendant shall send evidence of the transfer, together with a transmittal letter referencing this Stipulation, the civil action number and DOJ case number 90-5-2-1-08683, to:

>       Ellen Rouch
>       Associate Regional Counsel
>       Office of Environmental Accountability
>       U.S. EPA, Region 4
>       61 Forsyth Street, S.W.
>       Atlanta, GA 30303

and to:
>       Chief, Environmental Enforcement Section
>       U.S. Department of Justice
>       P.O. Box 7611
>       Washington, D.C. 20044

5.      If any portion of the civil penalty payable to the United States under Paragraph 4 of this Stipulation is not paid when due, the United States may issue a written demand for payment of stipulated penalties under this Paragraph. MFG shall, within 30 days of receipt of such written demand, pay a stipulated penalty to the United States of $5,000 for each day that MFG's civil penalty payment is delayed beyond the date due. Payment of any stipulated penalty to the United States shall be made in the manner set forth in Paragraph 4. The United States, in its sole and unreviewable discretion, may reduce or waive stipulated penalties otherwise payable to the United States under this Stipulation.

6.      MFG shall not deduct any civil or stipulated penalties paid under this Stipulation in calculating its federal or state income tax.

7. All of the foregoing obligations shall apply to and are binding upon MFG and its successors, and shall not be altered by any change in ownership or corporate status.

8. Each person signing this Stipulation warrants and represents that he or she possesses full authority to bind the party on whose behalf he or she is signing to all terms of this Stipulation.

9. Entry of this Stipulation and payment of the penalty stated in Paragraph 3 of this Stipulation shall constitute full settlement and satisfaction of the civil claims of the United States against MFG occurring through the date of filing of this Stipulation as alleged in the Complaint.

10. The United States reserves all legal and equitable remedies available to enforce the provisions of this Stipulation, except as expressly stated in Paragraph 9. This Stipulation shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the CAA or implementing regulations, or under other federal, state, or local laws, regulations, or permit conditions, except as expressly stated in Paragraph 9. The United States further reserves all legal and equitable remedies to address any imminent and substantial endangerment to the public health or welfare or the environment arising at, or posed by, the Facility.

11. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, civil penalties, other appropriate relief relating to the Facility, MFG shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claimsplitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 9.

12. This Stipulation constitutes a final judgment under Federal Rules of Civil Procedure 54 and 58, and it shall constitute an enforceable judgment in accordance with Rule 69 of the Federal Rules of Civil Procedure, and Federal Debt Collection Procedure Act, 28 U.S.C.

§§ 3001-3308, and other applicable authority. The United States shall be deemed a judgment creditor for purposes of collection of any unpaid amounts of the civil and stipulated penalties. Further, MFG shall be liable for attorneys' fees and costs incurred by the United States to collect any amounts due under this Stipulation.

13. With regard to matters relating to this Stipulation and its enforcement and the filing of the Complaint, MFG shall identify on the attached signature page the name, address and telephone number of an agent who is authorized to accept service of process by mail on behalf of that entity with respect to all matters arising under or relating to this Stipulation and the filing of the Complaint. MFG hereby agrees to accept service of process by mail and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and in any applicable local rules of this Court, including, but not limited to, service of a summons.

14. Except as stated in Paragraph 12 of this Stipulation, each party shall bear its own costs and attorneys' fees related to this action.

15. After payment by MFG of all monies due under this Stipulation, the Parties shall execute and file with this Court a stipulation that the Complaint be dismissed with prejudice.

16. This Court shall retain jurisdiction for the purposes of interpreting and enforcing this Stipulation.

AS AGREED AND STIPULATED TO BY THE PARTIES, IT IS SO ORDERED ON THIS ___16___ DAY OF ___October___, 2009:

_____
UNITED STATES DISTRICT JUDGE

THE UNDERSIGNED PARTIES enter into this Joint Stipulation of Settlement in the matter of <u>United States v. MFG Chemical, Inc.</u>:

FOR PLAINTIFF THE UNITED STATES OF AMERICA:

*[signature]*

ELLEN M. MAHAN
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

By: *[signature]*

CHERYL L. SMOUT
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044
Ph: (202) 616-6528

- 7 -

THE UNDERSIGNED PARTIES enter into this Joint Stipulation of Settlement in the matter of United States v. MFG Chemical, Inc.:

FOR PLAINTIFF THE UNITED STATES OF AMERICA (cont.):

MARY J. WILKES
Regional Counsel and Director
Office of Environmental Accountability
U.S. EPA, Region 4
61 Forsyth Street, S.W.
Atlanta, GA 30303

ELLEN ROUCH
Associate Regional Counsel
Office of Environmental Accountability
U.S. EPA, Region 4
61 Forsyth Street, S.W.
Atlanta, GA 30303

- 8 -

THE UNDERSIGNED PARTIES enter into this Joint Stipulation of Settlement in the matter of United States v. MFG Chemical, Inc.

FOR DEFENDANT MFG CHEMICAL, INC.:

*[signature]*

Charles E. Gavin, IV
PO Box 4359
Dalton, GA 30721


Agent authorized to accept service on behalf of the above-signed party:

Charles E. Gavin, III
1200 Brooks Drive
Dalton, GA 30721